Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Philip G. Reinhard | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 03 C 50146 | **DATE** | 8/7/2003 |
| **CASE TITLE** | FISHER & PAYKEL vs. LG ELECTRONICS, INC., et al. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)  ☐ General Rule 21  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] For the reasons stated on the reverse Memorandum Opinion and Order, LG and LG USA's motion to dismiss Count II of the complaint is granted. Count II is dismissed without prejudice. Plaintiff is granted 30 days to file an amended Count II.

(11) ■ [For further detail see order on the reverse side of the original minute order.]

| | No notices required, advised in open court. | | | Document Number |
|---|---|---|---|---|
| | No notices required. | | number of notices | |
| ✓ | Notices mailed by judge's staff. | | AUG - 7 2003 | |
| | Notified counsel by telephone. | | date docketed | |
| | Docketing to mail notices. | U.S. DISTRICT COURT | | |
| | Mail AO 450 form. | CLERK | docketing deputy initials | |
| | Copy to judge/magistrate judge. | 03 AUG -7 PM 3: 29 | 8-8-03 | |
| | | FILED-WD | date mailed notice | |
| /SEC | courtroom deputy's initials | Date/time received in central Clerk's Office | SW mailing deputy initials | |

# MEMORANDUM OPINION AND ORDER

Plaintiff, Fisher & Paykel Appliances, Ltd. ("Fisher") filed a claim against LG Electronics, Inc. ("LG") and LG Electronics U.S.A., Inc. ("LG USA") in this court alleging patent infringement under 35 U.S.C § 271 *et seq.* (Count I) and a violation of § 43(a) of the Lanham Act, codified at 15 U.S.C. § 1125(a) (Count II). Fisher holds the patent for an "Electric Motor for Clothes Washing Machine," U.S. Patent No. 5,266,855 ("'855 patent"). (Pl. Comp., p. 2) Fisher claims LG has imported washing machines into the United States which embody the '855 patent, while both LG and LG USA have sold and used washing machines embodying Fisher's patent. Fisher also alleges both LG and LG USA have advertised that they "incorporate 'exclusive direct drive' motor technology in the washing machines they manufacture, import and sell." (Pl. Comp., p. 3) LG and LG USA filed a motion to dismiss Count II under Fed. R. Civ. P. 12(b)(6), which is currently before this court. LG argues Fisher has failed to allege all five elements necessary to successfully state a claim under the Lanham Act. Jurisdiction is proper under 28 U.S.C. § 1331.

The elements of a claim for false advertising under the Lanham Act are "that the defendant (1) made a false or misleading statement, (2) that actually deceives or is likely to deceive a substantial segment of the advertisement's audience, (3) on a subject material to the decision to purchase the goods, (4) touting goods entering interstate commerce, (5) and that results in actual or probable injury to the plaintiff." B. Sanfield, Inc. v. Finlay Fine Jewelry Corp, 168 F.3d 967, 971 (7th Cir. 1999). In pleading a false advertising claim, plaintiff must meet the heightened pleading requirements of Fed. R. Civ. P. 9(b). See Hot Wax, Inc. v. Grace-Lee Products, No. 97 C 6882, 1998 WL 664945, at *3-4 (N.D. Ill. Apr. 15, 1998) (Nordberg, J.); see also B. Sanfield, Inc. v. Finlay Fine Jewelry Corp., 857 F.Supp 1241, 1243-1244 (N.D. Ill.1994) (Reinhard, J.). In its complaint Fisher alleges that LG and LG USA made a false statement in an advertisement, but makes no allegations concerning the when and where of the statement, see B. Sanfield, 857 F.Supp at 1242, nor of the injury sustained by plaintiff. Plaintiff must provide such allegations in order to proceed on Count II.

Accordingly, LG and LG USA's motion to dismiss Count II of the complaint is granted. Count II is dismissed without prejudice. Plaintiff is granted 30 days to file an amended Count II.